IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SYLVESTER JENNINGS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 11-584-MJR-SCW |
| CITY OF ALTON, ET AL., | ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

### Count I

Now comes the Plaintiff, SYLVESTER JENNINGS, and for his Amended Complaint against the Defendants, CITY OF ALTON, PRIVATE FIRST CLASS LUKOWSKI, PRIVATE FIRST CLASS SAMUEL J. RINEY, DETECTIVE JARRETT FORD and SERGEANT JERALD COOLEY, All Individually and as Officers for the Alton Police Department, states as follows:

1. That at all times mentioned herein, Plaintiff wasn't afforded his rights under the United States Constitution, to wit: the Fourth Amendment Freedom From Seizure Without Probable Cause.

2. That all of the above-mentioned individual Defendants were police officers employed and acting within the scope of the City of Alton.

3. That on or about July 2, 2009, Plaintiff was arrested by Officers, PFC Samuel J. Riney and PFC Lukowski at or about Plaintiff's residence at 2880 Watalee Avenue, Alton, Illinois.

4. That said arrest was due to the above-mentioned officers being informed by Sergeant Jerald Cooley and Detective Jarrett Ford to arrest the Plaintiff for the charge of aggravated home repair fraud.

5. That the only facts uncovered by the Defendants to show probable cause were the following:

    a. That Plaintiff had done some home repairs for one Ann Halpin.

    b. That the Plaintiff had received monies from Ann Halpin for this repair work.

6. The above facts do not show that the plaintiff was guilty of any crime much less aggravated home repair fraud as set forth in 815 ILCS 515/1 et.seq.

7. That, therefore, said arrest was unlawful in that there was no probable cause showing that Plaintiff was guilty of a crime.

8. After Plaintiff's arrest of July 2, 2009 he was kept incarcerated until on or about July 5, 2009 when he was released due to the fact that the prosecuting attorney found there was no probable cause.

9. That the City of Alton violated 42 U.S.C. § 1983, as employer of the above-mentioned police officers, in the following respects:

    a) Having an express policy to arrest and jail someone for home repair fraud or aggravated home repair fraud without having the case presented to the prosecuting attorney initially and without having any home repairs examined by a competent home repair contractor to determine whether the repairs and costs of repairs were fair and reasonable;

    b) Having a custom, practice or usage of engaging in the above constitutionally violatile conduct as set forth in ¶ sub a);

c) Being deliberately indifferent in failing to take action to prevent the aforementioned constitutional violation suffered by the Plaintiff in that said defendant failed to properly train its police officers and supervise them.

10. That the individual Defendants violated 42 U.S.C. § 1983 in that Plaintiff's constitutional rights via the Fourth Amendment were violated in that he was arrested and falsely imprisoned for a crime in which there was no probable cause to show that he had committed the crime.

11. That as a direct and proximate result of the aforesaid violations of the Plaintiff's constitutional rights, the Plaintiff suffered damages including bodily injury, humiliation, pain and suffering, embarrassment, and loss of normal life plus attorneys fees and costs

WHEREFORE, Plaintiff prays for judgment against Defendant City of Alton for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00); against the individual Defendants for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus punitive damages in an am amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus attorney's fees and costs of suit.

## Count II

Now comes the Plaintiff, SYLVESTER JENNINGS, and for his Amended Complaint against the Defendants, CITY OF ALTON, PRIVATE FIRST CLASS LUKOWSKI, PRIVATE FIRST CLASS SAMUEL J. RINEY, DETECTIVE JARRETT FORD and SERGEANT JERALD COOLEY, All Individually and as Officers for the Alton Police Department, states as follows:

1. That at all times mentioned herein, Plaintiff wasn't afforded his rights under the United States Constitution.

2. That all of the above-mentioned individual Defendants were police officers employed and acting within the scope of the City of Alton.

3. That on or about July 2, 2009, Plaintiff was arrested by Officers, PFC Samuel J. Riney and PFC Lukowski at or about Plaintiff's residence at 2880 Watalee Avenue, Alton, Illinois.

4. That said arrest was due to the above-mentioned officers being informed by Sergeant Jerald Cooley and Detective Jarrett Ford to arrest the Plaintiff for the charge of aggravated home repair fraud.

5. That the only facts uncovered by the Defendants to show probable cause were the following:

   a. That Plaintiff had done some home repairs for one Ann Halpin.

   b. That the Plaintiff had received monies from Ann Halpin for this repair work.

6. The above facts do not show that the plaintiff was guilty of any crime much less aggravated home repair fraud as set forth in 815 ILCS 515/1 et.seq.

7. That, therefore, said arrest was unlawful in that there was no probable cause showing that Plaintiff was guilty of a crime.

8. After Plaintiff's arrest of July 2, 2009 he was kept incarcerated until on or about July 5, 2009 when he was released due to the fact that the prosecuting attorney found there was no probable cause.

9. That the Defendants were guilty of the common law tort of battery to the Plaintiff in that they physically arrested, touched, handcuffed and forcibly moved Plaintiff's person without his permission and without legal justification.

10. That as a direct and proximate result of the aforesaid acts the Plaintiff suffered damages including physical harm, humiliation, embarrassment, and pain and suffering, loss of normal life plus attorneys fees and costs.

WHEREFORE, Plaintiff prays for judgment against these Defendants for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus attorney's fees and costs of suit.

## Count III

Now comes the Plaintiff, SYLVESTER JENNINGS, and for his Amended Complaint against the Defendants, CITY OF ALTON, PRIVATE FIRST CLASS LUKOWSKI, PRIVATE FIRST CLASS SAMUEL J. RINEY, DETECTIVE JARRETT FORD and SERGEANT JERALD COOLEY, All Individually and as Officers for the Alton Police Department, states as follows:

1. That at all times mentioned herein, Plaintiff wasn't afforded his rights under the United States Constitution.

2. That all of the above-mentioned individual Defendants were police officers employed and acting within the scope of the City of Alton.

3. That on or about July 2, 2009, Plaintiff was arrested by Officers, PFC Samuel J. Riney and PFC Lukowski at or about Plaintiff's residence at 2880 Watalee Avenue, Alton, Illinois.

4. That said arrest was due to the above-mentioned officers being informed by Sergeant Jerald Cooley and Detective Jarrett Ford to arrest the Plaintiff for the charge of aggravated home repair fraud.

5. That the only facts uncovered by the Defendants to show probable cause were the following:

    a. That Plaintiff had done some home repairs for one Ann Halpin.

    b. That the Plaintiff had received monies from Ann Halpin for this repair work.

6. The above facts do not show that the plaintiff was guilty of any crime much less aggravated home repair fraud as set forth in 815 ILCS 515/1 et.seq.

7. That, therefore, said arrest was unlawful in that there was no probable cause showing that Plaintiff was guilty of a crime.

8. After Plaintiff's arrest of July 2, 2009 he was kept incarcerated until on or about July 5, 2009 when he was released due to the fact that the prosecuting attorney found there was no probable cause.

9. That the Defendants were guilty of the common law tort of false imprisonment in that Plaintiff was wrongfully arrested on July 2, 2009 and imprisoned until July 5, 2009 against his wishes without lawful justification.

10. That as a direct and proximate result of said false imprisonment the Plaintiff suffered damages including physical harm, humiliation, embarrassment, pain and suffering, and loss of normal life plus attorneys fees and costs.

WHEREFORE, Plaintiff prays for judgment against these Defendants for an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) plus attorney's fees and costs of suit.

SYLVESTER JENNINGS, Plaintiff

BY: s/s Thomas O. Falb
THOMAS O. FALB - #00768804
Williamson, Webster, Falb & Glisson
Attorneys at Law
603 Henry Street.
Alton, IL 62002
Telephone: (618) 462-1077
Facsimile: (618) 462-1080

CERTIFICATE OF SERVICE

I hereby certify that on ~~August~~ Sept. 6____, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CMECF system which will send notification of such filings to the following:

Charles A. Pierce
PIERCE LAW FIRM, P.C.
#3 Executive Woods Court, Suite 200
Belleville, IL 62226
Attorney for Defendants City of Alton, Officer Samuel J. Riney,
Det. Jarrett Ford & Sgt. Jerald Cooley

Respectfully submitted,

s/s Thomas O. Falb
THOMAS O. FALB - #00768804
Williamson, Webster, Falb & Glisson
Attorneys at Law
603 Henry Street.
Alton, IL 62002